**\*\*NO COPY OF THIS TRANSCRIPT MAY BE MADE PRIOR TO AUGUST 22, 2022**

```
              UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW HAMPSHIRE


* * * * * * * * * * * * * * * * * * *
                                    *
    EDWARD MASELLI                  *
                                    *   19-cv-1248-AJ
              v.                    *   May 3, 2022
                                    *   11:00 a.m.
    THOMAS DURDEN, ET AL            *
                                    *
* * * * * * * * * * * * * * * * * *


        TRANSCRIPT OF FINAL PRETRIAL CONFERENCE/MOTION HEARING
              BEFORE THE HONORABLE ANDREA K. JOHNSTONE
```

APPEARANCES:

For the Plaintiff:          Sven D. Wiberg, Esq.
                            Wiberg Law Office



For the Defendants:         Brian J.S. Cullen, Esq.
                            Jonathan W. Shirley, Esq.
                            Cullen, Collimore & Shirley, PLLC



Court Reporter:             Susan M. Bateman, RPR, CRR
                            Official Court Reporter
                            United States District Court
                            55 Pleasant Street
                            Concord, NH 03301
                            (603) 225-1453

```
 1                     P R O C E E D I N G S
 2              THE CLERK:  Court is in session and has for
 3   consideration a motion hearing in Edward Maselli versus
 4   Durden, et al., civil case number 19-cv-1248-AJ.
 5              THE COURT:  Okay.  Good morning everyone.
 6              We have a couple of different things that prompted
 7   me to get everyone together this morning before we take up the
 8   various motions I hope that we can cover.
 9              What I'm going to ask us to do is identify
10   ourselves for the record starting with counsel for the
11   plaintiff, please.
12              MR. WIBERG:  Attorney Sven Wiberg for Edward
13   Maselli.
14              MR. CULLEN:  Good morning, your Honor.
15              Brian Cullen here on behalf of the defendants, and
16   with me is John Shirley.
17              MR. SHIRLEY:  Good morning.
18              THE COURT:  All right.  Thank you very much.
19              Good morning everyone.
20              I would like to begin by talking through document
21   No. 34 which was filed by the defendants.  It's a motion to
22   substitute an exhibit, and I understand that in the
23   plaintiff's expert report there is a full name reference to an
24   individual who accused Mr. Maselli of some misconduct.
25              What I understand is that there's an assented to
```

1   agreement to have that document substituted with something
2   referencing initials, but what I wanted to address with folks
3   is that it appears that that exhibit is elsewhere in the
4   docket.  I don't know if counsel have had a chance to talk
5   about that and if there's some modification to the request
6   that the Court should be made aware of or if we need to talk
7   about that further.
8              MR. WIBERG:  Yeah, I need to put on the record
9   upfront that I probably shouldn't be doing this today.  I'm in
10  the front room of my -- the first floor of my house.  I
11  haven't been in my office for I think a month, and I am right
12  now essentially hospitalized at home.  I have visiting nurses
13  coming to help me take care of myself.  I obviously have my
14  wife, who is also my office manager, aiding me, but I am on
15  very serious pain killers which I don't like.  I don't like to
16  take medications, and especially opioid pain killers, but when
17  I've tried to cut back -- I'm in excruciating pain if I wait
18  more than four or five hours between doses.
19             I was admitted to the hospital on an emergency
20  basis on April 12th and had surgery, major surgery with
21  general anesthesia on April 19th.  I was released home on
22  April 26th, but I am extremely restricted.  I have constant
23  pain, and I have very little resources.
24             I have tried as hard as possible to keep up with my
25  cases, and I have to thank my wife, my office manager, Trish,

1  for helping me with that.  But as far as doing any major work,
2  it has been difficult next to impossible.
3              I filed a few things in this case but only because,
4  like I say, with the help of my wife and my desire not to
5  prejudice my client's case.
6              I am also working on extensive sleep deficit.  For
7  instance, I got about two hours' sleep last night and then had
8  to wake up because of the pain and take additional pain
9  killers.
10             This problem arose as a surprise in late February
11 and early March.  I was supposed to have this surgery back in
12 mid March, and I did go in and have the beginning of this
13 surgery, an angiogram which was supposed to proceed to the
14 corrective measures mid March, but there was some screw-ups
15 and some problems with surgeons' schedules.
16             THE COURT:  Mr. Wiberg, I don't need all of those
17 details, sir.  What I appreciate is -- what is it that you're
18 asking for?
19             MR. WIBERG:  I'm just saying that I --
20             THE COURT:  Are you asking for us to consider
21 rescheduling today's proceeding?
22             MR. WIBERG:  I think that's probably appropriate,
23 Judge.
24             And also I want to put everybody on notice that
25 it's likely that I will be moving to withdraw from the case

1  not for any reasons related to my present medical situation,
2  because that should be much better within a couple of weeks.
3  I will have my stitches out this week and will -- I really,
4  except for the pain problems, will be able to function at full
5  capacity.
6            THE COURT:  Attorney Wiberg, I understand that
7  you're saying that you don't think today is the day that you
8  should be proceeding with today's hearing.
9            Attorney Cullen, do you wish to be heard?
10           MR. CULLEN:  No, your Honor.  Well, briefly, your
11 Honor.
12           You know, I'm not unsympathetic to plaintiff's
13 counsel's position.  He does seem like he's able to give a
14 pretty detailed history of his ailments.  I don't want to
15 belabor the delay.  I have concerns for my clients.
16           This case has been around for a long, long time.
17 And, you know, as I've mentioned in the papers, John Yurcak is
18 retired.  The others don't seem like they're close to
19 retirement.  But these issues date back to 2018 -- 2016
20 rather, and it's a case that needs to find a way to go
21 forward.
22           THE COURT:  Yep.  All right.  So here's what I
23 would like to do.
24           Attorney Wiberg, I understand that you may be
25 filing motions that may have you no longer participating in

Case 1:19-cv-01248-AJ   Document 56   Filed 05/24/22   Page 6 of 10

6

1    this case, but there are a number of things that the Court
2    needs to do.
3            So what I propose is that the parties meet and
4    confer about the issue that the Court has raised as it relates
5    to the motion to substitute exhibit.  If the parties could
6    simply make sure that we have some kind of an understanding
7    and agreement as to what, if any, additional documents might
8    be in the record that include the same concerns that, Attorney
9    Cullen, you've raised as it relates to the exhibit that you've
10   attached to one of your motions.  I just don't want to miss
11   anything.  It doesn't make any sense for us to substitute the
12   exhibit in one place and not in others.
13           And if the parties also have an agreement or
14   stipulation as to how they intend to refer to that individual
15   going forward, if you could just update the Court on that.
16   That's I think somewhat of a housekeeping issue that we can
17   probably address and that Attorney Wiberg is probably up to
18   addressing.
19           The other matters as they relate to setting a trial
20   date and the motions in limine, I'm happy to continue that.  I
21   think you should also confer about whether the June date that
22   the Court suggested works for everyone.  If it does, you can
23   let me know that as well, and I'm happy to postpone a further
24   case management conference.
25           Attorney Wiberg, should we tentatively try to do

1   that in the next week or so?  I understand that you may be
2   making some changes yourself or proposing some changes, but I
3   don't want to delay things unnecessarily.  I am sensitive to
4   trying to keep this case on track.
5               MR. WIBERG:  Judge, like I say, just sitting here
6   -- I'm not supposed to have my legs down.  I've propped up my
7   legs so --
8               THE COURT:  All right.  Well, we're all done.
9               MR. WIBERG:  So it's very difficult.
10              I appreciate your sympathy and empathy, but I -- if
11  I can pull my mind together here, I think the most essential
12  issue would be my continuing in the case.
13              THE COURT:  Okay.
14              MR. WIBERG:  Mr. Maselli is entitled to his trial.
15  He has survived summary judgment for some matters.  We have
16  great disagreements about many things in the case.
17              I don't know whether he's going to be able to
18  afford -- I think I was the only attorney he could find who
19  would take the case.
20              THE COURT:  All right.  I don't think we need to
21  get into all of that.
22              Why don't we do this.  I'm going to propose that we
23  continue today's proceeding beyond the things we've talked
24  about already to May 19th.  And, as I said, I will -- I'll
25  issue something in writing, Attorney Wiberg, so that you'll

```
 1  have that and your office manager will have it.
 2              And, Attorney Cullen and Attorney Shirley, if you
 3  would kindly try to follow up with Attorney Wiberg informally
 4  about the two things that I've raised?
 5              MR. CULLEN:  Yes, your Honor.
 6              MR. SHIRLEY:  Okay.
 7              THE COURT:  All right.
 8              MR. WIBERG:  Judge, I do have things scheduled on
 9  the 19th.  So I don't know if another date might be more
10  appropriate.
11              THE COURT:  All right.  How about the afternoon of
12  Friday the 20th?
13              MR. WIBERG:  That would be fine.  It's wide open.
14              THE COURT:  All right.  I'll have my case manager
15  look at some times and we'll try to go for that date.
16              All right.  Attorney Wiberg, I hope you continue to
17  do well, and I thank you all for your time today.
18              MR. WIBERG:  Thank you.
19              MR. CULLEN:  Your Honor, just to be clear, will we
20  be expecting a resolution on the counsel issue by that May
21  20th date or --
22              THE COURT:  I don't know.  It's not clear to me.
23  It sounds like Attorney Wiberg is still consulting with his
24  client.
25              MR. WIBERG:  Yes.
```

```
 1              MR. CULLEN:  I didn't know, your Honor, if I need
 2   to keep that June date, but I guess we'll find out.
 3              THE COURT:  I would like us to have a conference as
 4   to whether that June date is feasible, and certainly I would
 5   encourage us to try to continue to work towards that as the
 6   trial period --
 7              MR. CULLEN:  I noticed that technically you haven't
 8   actually allowed the motion to continue the trial because you
 9   were waiting for a certificate.  So I assume that will be
10   granted tonight because I have it down for the 17th.
11              THE COURT:  Yes.  I think that's true.  I have that
12   certificate now.
13              Again, what I'm really interested in is if for some
14   reason that date is not feasible for folks, I need to hear
15   about that.
16              MR. CULLEN:  Thank you.
17              THE COURT:  Thank you.
18              All right.  We're adjourned.  Thank you.
19              MR. SHIRLEY:  Thank you, your Honor.
20              (Conclusion of hearing at 11:11 a.m.)
21
22
23
24
25
```

C E R T I F I C A T E

I, Susan M. Bateman, do hereby certify that the foregoing transcript is a true and accurate transcription of the within proceedings, to the best of my knowledge, skill, ability and belief.

Submitted:  5-24-22              /s/    Susan M. Bateman _____
                                 SUSAN M. BATEMAN, RPR, CRR